{¶ 35} Because I believe there was sufficient circumstantial evidence presented for a rational jury to find beyond a reasonable doubt that the appellant used "force," as that term has been interpreted by the Supreme Court of Ohio, in initiating sexual contact with the victims, I respectfully dissent.
 {¶ 36} The victims were confronted by appellant in a small vestibule of an apartment building where movement was restricted and access limited. The vestibule also was out of public view. Appellant had a significant size, strength, and age advantage over the young teenage victims. Although the victims may not have known appellant, he was an adult and he placed himself in a position of authority by lecturing them about being better role models for other children in the apartment complex. A reasonable jury could have concluded that given his age, size, and strength advantage, coupled with the role he assumed as disciplinarian, appellant put himself in a position of power and control over the girls. Lastly, there was some evidence that appellant put his arm around the girls' shoulders and held their hands and that one of the girls struggled to pull away from appellant at some point during the confrontation. Given this evidence, I cannot concludethat the evidence was insufficient as a matter of law to support the convictions. Nor can I conclude that the verdicts were against the manifest weight of the evidence.
Therefore, I respectfully dissent.